05-CV-01013-CMP

FILED ____ ENTERED
LODGED ____ RECEIVED

JUN 3 2005   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMELINE, INC., a Washington corporation,

    Plaintiff,

v.

PROCLARITY CORPORATION, an Idaho corporation,

    Defendant.

NO. CV5 1013 JLR

COMPLAINT FOR PATENT INFRINGEMENT

JURY DEMAND

Plaintiff Timeline, Inc., ("Plaintiff") hereby alleges as follows:

## I.  JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, specifically 35 U.S.C. §§ 271 and 281.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## II.  JURY DEMAND

4. Plaintiff demands a trial by jury for all issues triable to a jury.

COMPLAINT FOR PATENT
INFRINGEMENT - 1

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

## III. THE PARTIES

5. Plaintiff is a Washington corporation with its principal place of business in Bellevue, Washington.

6. Plaintiff alleges that defendant ProClarity Corporation ("ProClarity Corp.") is an Idaho corporation with its principal place of business in Boise, Idaho. ProClarity Corp. was previously known as Knosys, Inc. ProClarity Corp. does business in this judicial district and has committed the acts complained of in this judicial district.

7. Plaintiff is the owner by assignment of United States Patent No. 5,802,511 ("'511 Patent"), which the United States Patent Office issued on September 1, 1998. This patent describes and claims the invention of Donald Babcock, *et al.* entitled Data Retrieval Method Apparatus with Multiple Source Capability. Plaintiff has developed, manufactures and sells products which are covered by one or more of the claims of the '511 Patent. A true and correct copy of the '511 Patent is attached hereto as Exhibit A.

8. On February 8, 2000, United States Patent No. 6,023,694 ("'694 Patent") for Data Retrieval Method and Apparatus with Multiple Source Capability. Plaintiff is the owner by assignment of the '694 Patent. Plaintiff has developed, manufactures and sells products which are covered by one or more claims of the '694 Patent. A true and correct copy of the '694 Patent is attached hereto as Exhibit B.

9. On February 15, 2000, United States Patent No. 6,026,392 ("'392 Patent") for Data Retrieval Method and Apparatus with Multiple Source Capability. Plaintiff is the owner by assignment of the '392 Patent. Plaintiff has developed, manufactures and sells products which are covered by one or more claims of the '392 Patent. A true and correct copy of the '392 Patent is attached hereto as Exhibit C.

10. On October 7, 2003, United States Patent No. 6,631,382 (the "'382 patent") for Data Retrieval Method and Apparatus with Multiple Source Capability issued. Plaintiff is the

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

owner by assignment of the '382 patent. Plaintiff has developed, manufactures and sell products which are covered by one or more claims of the '382 patent. A true and correct copy of the '382 patent is attached as Ex. D.

11. On September 23, 2003, United States Patent No. 6,625,617 (the "'617 patent") for Modularized Data Retrieval Method and Apparatus with Multiple Source Capability issued. Plaintiff is the owner by assignment of the '617 patent. Plaintiff has developed, manufactures and sell products which are covered by one or more claims of the '617 patent. A true and correct copy of the '617 patent is attached as Ex. E.

### IV. PATENT INFRINGEMENT

12. Plaintiff repeats the allegations of paragraphs 1 through 9.

13. Defendant has been infringing and continues to infringe the '511 Patent, the '694 Patent, the '382 Patent, the '617 Patent and/or the '392 Patent by making, using, selling and/or offering for sale without authorization products, including Defendant's "ProClarity" and other products, which embody one or more claims of the '511, '694, '382, '617 and/or '392 Patents. Plaintiff also alleges that Defendant has induced others to infringe Plaintiff's patents and that Defendant knew or should have known its actions would induce infringement of Plaintiff's patents. Defendant has induced others to infringe upon Plaintiff's Patents by teaching and directing users to use Microsoft DTS and Analysis Services to design and use OLAP cubes in conjunction with Defendant's "ProClarity" program in a manner that directly infringes Plaintiff's patents. Defendant knew or should have known that the promotional and instructional materials it offered would have the effect of inducing others to infringe upon Plaintiff's Patents. Defendant and its officers, board members, and agents actively and with actual or constructive knowledge aided and abetted others in the infringement of Plaintiff's patents. Plaintiff alleges, on

COMPLAINT FOR PATENT
INFRINGEMENT - 3

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

information and belief, that Defendant will continue to make and sell such infringing devices unless restrained by this Court.

14. Defendant's conduct has been willful. Defendant has been aware of the acts constituting inducement to infringe and infringement since as early as 1999 and continuing to the present. Specifically, Plaintiff contacted Defendant on several occasions and informed Defendant of its infringement. As early as 1999, Defendant was aware of Timeline's patents and of Timeline's assertion that certain products developed by defendant in conjunction with Microsoft infringed Timeline's patents. In 2000, Charles Osenbaugh, President of Timeline, had several communications with Bob Lokken, Defendant's President, pointing out the existence of Timeline's patents and defendant's encroachment on them. Plaintiff subsequently wrote to Denis Weyrauch, Defendant's General Counsel, and informed him of applications that potentially violated the Patents held by Plaintiff.

15. Defendant's products work in conjunction with Microsoft's DTS and Analysis Services. In 1999, Microsoft felt a need to take a license under Timeline's patents. In 2002, the Washington Court of Appeals determined that Microsoft's license did not cover products, such as Defendant's, that infringed in combination with Microsoft's DTS and Analysis Services. See Microsoft Corp. v. Timeline, Inc., 110 Wn. App. 1046 (2002). Nevertheless, Defendant has ignored any attempts to negotiate any resolution of the Patent infringement. Instead, Defendant and its officers and directors have made additional investments in Defendant corporation to permit it to expand its infringing activity. Defendant and its officers and directors have continued to release promotional material, instructional material and offer courses that induce users to infringe, and they have released a directly infringing version of Proclarity. These actions constitute willful infringement and make this an exceptional case under 35 U.S.C. §284.

16. Even if Defendant's products do not literally infringe the '511 Patent, the '694 Patent, and/or the '392 Patent, they are substantially similar to the inventions claimed in the '511

COMPLAINT FOR PATENT
INFRINGEMENT - 4

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

Patent, the '694 Patent, the '382 Patent, the '617 Patent and/or the '392 Patent, such that, under the doctrine of equivalents, they constitute acts of infringement.

17. Defendant has derived and will continue to derive and receive from the above-alleged acts of infringement, profits and revenues in an amount that is not presently known to Plaintiff. Further, with respect to the '511 Patent, the '694 Patent, the '382 Patent, the '617 Patent and/or the '392 Patent such acts of infringement were made with knowledge of one or more of the patents and were thus committed intentionally and willfully. By reason of the above acts of infringement, Plaintiff has been and will continue to be damaged in an amount to be determined at trial.

## V.    DEMAND FOR RELIEF

**WHEREFORE** Plaintiff prays for relief as follows:

A. That Defendant be adjudged to have infringed the '511 Patent, the '694 Patent, the '382 Patent, the '617 and/or the '392 Patent;

B. That Defendant and its officers, agents, servants, employees, attorneys and all other persons acting in concert, participation or privity with them who receive actual notice of the order by a personal service or otherwise and Defendant's successors and assigns be permanently restrained and enjoined from directly or indirectly infringing the '511 Patent, the '694 Patent, the '382 Patent, the '617 Patent and/or the '392 Patent;

C. For an accounting and award of damages by reason of Defendant's infringement of the '511 Patent, the '694 Patent, the '382 Patent, the '617 Patent and/or the '392 Patent;

D. For an award of prejudgment and postjudgment interest, exemplary damages and costs against Defendant in accordance with 35 U.S.C. § 284;

E. For an award of damages, punitive damages, attorney's fees and prejudgment interest;

COMPLAINT FOR PATENT
INFRINGEMENT - 5

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1   F.  That Plaintiff be awarded such other further relief as this Court may deem just,
2   equitable and proper.

3   DATED this 3rd day of June 2005.

ROHDE & VAN KAMPEN PLLC

By: /s/ Robert E. Rohde

Robert E. Rohde, WSBA #12809
Christopher C. Lee, WSBA #26516
Attorneys for Plaintiff

COMPLAINT FOR PATENT
INFRINGEMENT - 6

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353