HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMELINE, INC., *a Washington corporation,*       )
                                                  )
             Plaintiff,                           )       Civil Action No. CV05-1013JLR
                                                  )
       v.                                         )       **STIPULATED PROTECTIVE ORDER**
                                                  )
PROCLARITY CORPORATION, *an Idaho*                )
*corporation*,                                    )
                                                  )
             Defendant.                           )
                                                  )
                                                  )
                                                  )
_____         )

       The discovery procedures in this case may require disclosure of information, either

documentary or testimonial or both, regarded by the producing party as confidential information

incorporating proprietary data, know-how, trade secrets, or other valuable commercial

information.  Accordingly, the parties, by and through their respective attorneys, stipulate and

agree to the following terms and conditions, which shall apply to this civil action:

       1.       Any document, tangible item, or testimonial information provided by either party,

which that party in good faith contends contains information proprietary to it and entitled to

protection under Rule 26(c) of the Federal Rules of Civil Procedure, may be designated as

confidential and, except as permitted by further Order of a Court of competent jurisdiction, or by

subsequent written agreement of the producing party, such designated documents, tangible items,

or testimonial information shall be received by counsel of record for the party upon the terms and

PROTECTIVE ORDER
CV05-1013JLR

conditions of this Stipulated Protective Order ("this Protective Order").

2.      Documents or tangible items shall be designated confidential within the meaning of this Protective Order in the following ways:

(a)     In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(b)     In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(c)     In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(d)     In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the inspecting party.

3.      With respect to all documents, information, or tangible items, produced or furnished by a party during this litigation, which are designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

4.      If, in the course of this proceeding, depositions are conducted that involve confidential information, counsel for the witness or party producing such information may state, on the record, the portion of the deposition which counsel believes may contain confidential

information.  If such designation is made, that portion of the deposition will be taken with no one present except those persons who are authorized to have access to such confidential information in accordance with this Protective Order, and the court reporter.  Subject to the terms hereof, CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be disclosed by a receiving party in a deposition, to the extent that its use is necessary, only at the deposition(s) of:

(a) the present Directors or Officers of the producing party;

(b) present employees, directors or officers of the producing party, to the extent such persons would be entitled to receive such information pursuant to the producing party's internal policies respecting confidentiality;

(c) an author, addressee, or other person indicated as a lawful recipient of a document containing the information;

(d) a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the information (without prior disclosure of the specific confidential information). Prior to any disclosure under this subparagraph (d), notice must be given to the producing party of the specific information so that it has a fair opportunity to object to the disclosure.  Notice may be given at the time of the deposition.  The parties agree to cooperate, and, if necessary, to defer any such disclosure, to allow either party to initiate action, by motion or otherwise, with the Court. The producing party bears the burden of establishing confidentiality.

(e) an independent advisor, consultant or expert otherwise qualified under this Stipulated Protective Order to receive such information; or

(f) any person for whom prior authorization is obtained from the producing party or the Court.

Each party shall have until fifteen (15) days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) that are to be designated as CONFIDENTIAL or ATTORNEYS' EYES

ONLY.  The right to make such designation shall be waived unless made within the fifteen (15) day period.  Prior to such designation, or expiration of the fifteen (15) day period, the entire deposition transcript shall be deemed ATTORNEYS' EYES ONLY information.  Transcripts of testimony, or portions thereof, containing confidential information shall be filed only under seal as described in paragraph 5, until further order of the Court.

5.     Any document, pleading, or tangible item which contains confidential information, if filed or submitted to the Court, shall be filed under seal according to Court procedures.

6.     Any confidential document, tangible item, or testimonial information produced by any party which contains information proprietary to the producing party and which is particularly sensitive competitive information, may be designated in writing as ATTORNEYS' EYES ONLY.  Examples of the types of information that may be designated as ATTORNEYS' EYES ONLY include:

(a)     The names, or other information tending to reveal the
        identities, of a party's supplier;

(b)     The names, or other information tending to reveal the identities, of
        a party's present or prospective customers;

(c)     Proprietary technical and financial information of a party;

(d)     The names, or other information tending to reveal the
        identities, of a party's distributors; and

(e)     Marketing plans of a party.

Other categories of ATTORNEYS' EYES ONLY information may exist.  The parties agree to designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good-faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

7.     Before disclosure of any information subject to this Protective Order is made to

PROTECTIVE ORDER                                    4
CV05-1013JLR

any employee or officer of the non-producing party, or to any consultant or expert retained by the non-producing party, counsel for the party disclosing the information shall obtain a written affidavit or declaration (hereinafter "affidavit"), in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as confidential is subject to this Protective Order, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order.

The affidavit shall be provided to opposing counsel five (5) days in advance of the first disclosure of any confidential information to such person.  If no objection is made to such person receiving confidential information within such five (5) day period from receipt of the affidavit by opposing counsel, then confidential information may be disclosed to such person.  If objection is made, then any party may bring before the Court the question of whether the confidential information may be disclosed to such person.  In the resolution of such matter, the objecting party shall have the burden of establishing before the Court the reasons for denying disclosure to such person.

With regard to experts or consultants the following additional procedure shall apply for the approval of access to CONFIDENTIAL or ATTORNEYS' EYES ONLY information:

(a)    The party seeking to have the expert or consultant, as defined in Paragraph 8(c) and 9(c) herein, approved shall provide the other party with a current resume or curriculum vitae of such person, which shall include a description of past and present employers and persons or entities with whom the consultant has been engaged in any consulting relationship in the last ten years, and a copy of the executed written Confidentiality Undertaking, in the form attached hereto as Appendix A.

(b)    The resume and Confidentiality Undertaking shall be provided to opposing counsel ten (10) days (via overnight delivery or email) in advance of the first disclosure of any

PROTECTIVE ORDER                              5
CV05-1013JLR

confidential information to such person.  If no objection is made to such person receiving confidential information within such ten (10) day period, then confidential information may be disclosed to such person.  However, this shall not preclude a party from objecting to continued access to CONFIDENTIAL or ATTORNEYS' EYES ONLY information by that person where such facts suggesting a basis for objection are subsequently learned by the party or its counsel.

(c)     If the other party so objects, the parties shall, within fifteen (15) days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute.  At that conference the objecting party shall inform the party requesting approval of its reason for objecting to the designated person.  If the parties cannot resolve the dispute, either within fifteen (15) days from the date of the conference or, if the conference does not take place, within thirty (30) days from the date of mailing of the notice of objection, then any party may bring before the Court the question of whether the confidential information may be disclosed to such person.  These time periods are not to restrict either party from moving for a court order earlier if the circumstances so require.  In the resolution of such matter, the objecting party shall have the burden of establishing before the Court the reasons for denying disclosure to such person.  Failure to file a motion within these periods shall constitute waiver of the specific objection, but shall not preclude a party from objecting to continued access of CONFIDENTIAL or ATTORNEYS EYES ONLY information where facts suggesting a basis for objection are subsequently learned by the party or its counsel.

(d)     The process defined in this paragraph and its subparagraphs shall not be used by either party as a means of obtaining or attempting to obtain discovery from a non-testifying consulting expert.

All signed affidavits and Confidentiality Undertakings shall be maintained through the conclusion of this action.

8.     Except as permitted by further order of this Court or pursuant to paragraph 10 or by subsequent written agreement of the producing party, disclosure of ATTORNEYS' EYES

PROTECTIVE ORDER                              6
CV05-1013JLR

ONLY documents or information, including summaries thereof, but not including documents with the confidential portions redacted, shall be limited to:

> (a)    counsel of record for the parties, and associate attorneys and paralegals and clerical employees assisting such counsel, except for any such persons or others involved in preparation and prosecution of any patent application for the parties;
>
> (b)    Judges, Magistrates, law clerks, and clerical personnel of the Court before which this action is pending pursuant to Paragraph 5;
>
> (c)    consultants or experts, who are not employees or officers of the parties or are anticipated to become an employee or officer in the near future, retained by either of the parties to consult or testify in the case, and pursuant to the conditions set forth in Paragraph 7;
>
> (d)    employees and officers of the party producing the documents or information; and
>
> (e)    authors or drafters of the documents or information.

The parties agree that any disclosure under this paragraph shall not be deemed to waive any attorney-client privilege or work product immunity that may exist.

9.    Except as permitted by further order of this Court or pursuant to paragraph 10 or by subsequent written agreement of the producing party, disclosure of information designated as CONFIDENTIAL, including summaries thereof, shall be limited to (a) the persons and entities identified in paragraph 8; and (b) employees or officers of the non-producing party.

The parties agree that any disclosure under this paragraph shall not be deemed to waive any attorney-client privilege or work product immunity that may exist.

10.    If it becomes necessary for counsel for a party receiving CONFIDENTIAL or ATTORNEYS' EYES ONLY information to seek the assistance of any other person, other than those referred to in paragraphs 8 and 9, including any employee of the receiving party with respect to documents designated ATTORNEYS' EYES ONLY, and to disclose CONFIDENTIAL or ATTORNEYS' EYES ONLY information to such person in order to

properly prepare this litigation for trial, the following procedures shall be employed:

(a)     Counsel for the receiving party shall notify, in writing, counsel for the party producing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information of their desire to disclose such CONFIDENTIAL or ATTORNEYS' EYES ONLY information and shall identify the person(s) to whom they intend to make disclosure;

(b)     If no objection to such disclosure is made by counsel for the producing party within ten (10) days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, a Confidentiality Undertaking in the form attached hereto as Appendix A, whereby such person agrees to comply with and be bound by this Protective Order.

(c)     If the producing party objects to such disclosure, no disclosure shall be made.  Any party may bring before the Court the question of whether the particular CONFIDENTIAL or ATTORNEYS' EYES ONLY information can be disclosed to the designated person(s).  In the resolution of such matter, the producing party shall have the burden of establishing before the Court the reasons for denying disclosure to the designated person(s).

11.     If, through inadvertence, a producing party provides any information pursuant to this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the producing party may subsequently inform the receiving party of the CONFIDENTIAL or ATTORNEYS' EYES ONLY nature of the disclosed information, and the receiving party shall treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information upon receipt of written notice from the producing party, to the extent the receiving party has not already disclosed this information.

12.     The restrictions set forth in this Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving

party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees, or agents which would be in violation of this order. If such public information is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the receiving party must inform the producing party of the pertinent circumstances and the producing party must agree before the restrictions of this order will be inapplicable.

13.     No person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to pretrial discovery in this action, except for the purpose of this action only (for example, the confidential information obtained in this action may not be used for any business or competitive purpose other than this action) or in accordance with any further order issued by the Court.

14.     Acceptance by a party of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not constitute a concession that the information, document or thing is properly designated under the Protective Order. Either party may contest a designation under the Protective Order made by the other party. If the receiving party disagrees with the designation and marking by any producing party of any material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by either party by motion or otherwise. In the resolution of such matter, the party asserting confidentiality shall have the burden of establishing before the Court the confidentiality of the information, document, or thing.

15.     This Protective Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

16.     This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

PROTECTIVE ORDER                    9
CV05-1013JLR

17.     Within thirty (30) days of the conclusion of this action, including any appeals, all CONFIDENTIAL and ATTORNEYS' EYES ONLY information furnished pursuant to this Protective Order, and all copies thereof, shall be returned to the producing attorneys of record, or, at the producing party's option, destroyed by counsel for the receiving party. The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of, CONFIDENTIAL and ATTORNEYS' EYES ONLY information produced hereunder shall continue to be binding after the conclusion of this action.

18.     If discovery is sought of a person not a party to this action ("non-party") requiring disclosure of such non-party's CONFIDENTIAL or ATTORNEYS' EYES ONLY information, the CONFIDENTIAL or ATTORNEYS' EYES ONLY information disclosed by such non-party will be accorded the same protection as the parties' CONFIDENTIAL or ATTORNEYS' EYES ONLY information, and will be subject to the same procedures as those governing disclosure of the parties' CONFIDENTIAL or ATTORNEYS' EYES ONLY information pursuant to this Stipulated Protective Order.

19.     In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or may bring the matter before the Court.

20.     If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a

party to this action, seeking information or material which was produced or designated as

"CONFIDENTIAL" or "ATTORNEYS' EYES ONLY " by someone other than that party, the

party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10)

days of receipt of such subpoena, demand or legal process, to those who produced or designated

the information or material "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY " and shall

object to its production to the extent permitted by law.  Should the person seeking access to the

information or material take action against the party or anyone else covered by this Protective

Order to enforce such a subpoena, demand or other legal process, the party shall respond by

setting forth the existence of this Protective Order.  Nothing herein shall be construed as

requiring the party or anyone else covered by this Protective Order to challenge or appeal any

order requiring production of information or material covered by this Protective Order, or to

subject itself to any penalties for noncompliance with any legal process or order, or to seek any

relief from this Court.

21.     The intentional or inadvertent production by one party to another of any document

entitled to protection under the attorney-client privilege or the attorney work-product doctrine

("privilege") shall not constitute a waiver of such privilege as to the subject matter of the

document.   If during discovery either party produces to the other a document entitled to

privilege, the producing party may request the return of the document at any time prior to the

commencement of trial, but in any event not more than fifteen (15) calendar days after the

document is first identified as being entitled to privilege, marked as an exhibit, or identified as a

potential trial exhibit.  Such a request must be made in writing and must identify the basis for the

privilege claimed.  If the party that received the document agrees that it is privileged (without

regard to its production during document production), then the document and all copies shall

promptly be returned to the producing party or destroyed, and no reference to such document

1    shall be made in connection with the proof of the facts in this dispute.

2         If the party that received the document does not agree that the document is privileged,

3    then it shall so notify the producing party within ten (10) calendar days of receiving written

4    notice of the asserted privilege.   In such event, the producing party may move the Court to

5    resolve the question of privilege.  Unless the parties otherwise agree in writing, any such motion

6    must be made within fifteen (15) calendar days of receiving notification that the receipt of the

7    document disputes the claim of privilege.   If the Court rules that the document is privileged

8    (without regard to the fact of production in the course of document production), then the party

9    that received the document shall promptly return the document and all known copies to the

10   producing party (except that counsel may retain copies as needed for the sole purpose of seeking

11   reconsideration or appellate review of the Court's ruling on the question of privilege) and shall

12   make no reference to the document in connection with the proof of the facts in this case.

         The foregoing is hereby stipulated by and between counsel.

13   DATED this __ day of November, 2005.

14                                                DORSEY & WHITNEY LLP

15

16

17                                                _____
                                                  PAUL T. MEIKLEJOHN, WSBA #17477
                                                  DOUGLAS F. STEWART WSBA #34068
18                                                U.S. Bank Centre
                                                  1420 Fifth Avenue, Suite 3400
19                                                Seattle, WA 98101-4010
                                                  Telephone:  (206) 903-8800
20                                                Facsimile:  (206) 903-8820

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ROHDE & VAN KAMPEN PLLC

_____

ROBERT E. ROHDE, WSBA #12809
CHRISTOPHER C. LEE, WSBA #26516
1001 Fourth Avenue, Suite 4050
Seattle, WA  98154-1000
Telephone:  (206) 386-7353

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TIMELINE, INC., *a Washington corporation,* | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. CV05-1013JLR |
| | ) | |
| v. | ) | |
| | ) | **CONFIDENTIALITY** |
| PROCLARITY CORPORATION, *an Idaho corporation,* | ) | **UNDERTAKING** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

I have read and reviewed in its entirety the annexed Stipulated Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information contained in documents pursuant to the Protective Order that I either review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 2005.

_____
*(Signature)*

_____
*(Typed                                    Name)*

CONFIDENTIALITY UNDERTAKING
CV05-1013JLR

1

2                                         **ORDER**

3

4

5

        **IT IS SO ORDERED** this 29th day of November, 2005.

6

7

8

9            s/James L. Robart

10           _____

11           HONORABLE JAMES L. ROBART, U.S. DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PROTECTIVE ORDER                              1
CV05-1013JLR