UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMELINE, INC.,

          Plaintiff,

    v.

PROCLARITY CORPORATION,

          Defendant.

CASE NO. C05-1013JLR

ORDER

      This matter comes before the court on the parties' cross-motions for protective orders. (Dkt. ## 22, 23). For the reasons stated below, the court GRANTS Plaintiff's motion (Dkt. # 22) and DENIES Defendant's motion (Dkt. # 23). The court provides a finalized version of the protective order in a separate filing (Dkt. # 34).

      The parties have reached substantial agreement on the terms of an umbrella protective order that governs disclosure proceedings as they relate to confidentiality. The only remaining terms in dispute relate to which party bears the burden of proof when a party contests the designation of a document as confidential. Plaintiff argues that the producing party should bear the burden of establishing confidentiality. Defendant proposes a burden shifting paradigm as follows: "The producing party has the burden of going forward by establishing that the document has been kept confidential and, to the best of the party's knowledge, is not in the public domain. The receiving party has the burden of establishing that the document may be shown to such person."

ORDER – 1

Although Defendant's proposal has some practical allure, the court is persuaded that Plaintiff's proposed burden of proof mechanism finds greater support in the law. See, e.g., Standard Chlorine of Delaware, Inc. v. Sinibaldi, 821 F. Supp. 232, (D. Del. 1992) (rejecting plaintiff's proposal that the objecting party should have to prove that a document is *not* confidential and directing parties to propose a protective order that makes clear that the burden is on the party seeking confidentiality).  Defendant is largely concerned that a receiving party could simply assert the non-confidentiality of a document and thereby impose significant work on the producing party to prove a "negative" – i.e., that the document is *not* in the public domain.  First, such a burden is standard practice for a party asserting confidentiality.  See, e.g., Foltz v. State Farm Automobile Ins. Co., 331 F.3d 1122 (9th Cir. 2003) (party asserting good cause for protective order bears the burden for each document it seeks to protect).  Second and perhaps more importantly, the court is reluctant to fashion a burden of proof scheme that *presumes* bad faith on the part of the receiving party.  The court, rather, takes the parties at face value that they agree to act in good faith in designating confidentiality and to cooperate in the event that either party contests such a designation.

For the reasons stated herein, the court GRANTS Plaintiff's motion (Dkt. # 22) and DENIES Defendant's motion (Dkt. # 23).  The court adopts Plaintiff's version of the protective order, finalized and filed separately (Dkt. # 34).

Dated this 29th day of November, 2005.

_____
JAMES L. ROBART
United States District Judge

ORDER – 2