UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMELINE, INC.,

        Plaintiff,

    v.

PROCLARITY CORPORATION,

        Defendant.

CASE NO. C05-1013JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion for leave to file an amended complaint by Plaintiff Timeline, Inc. ("Timeline") (Dkt. # 57). Having considered the papers filed in support and in opposition,[1] the court GRANTS Timeline's motion.

## II. BACKGROUND & ANALYSIS

Timeline brought this action against Defendant ProClarity Corporation ("ProClarity") alleging that ProClarity's computer software products infringe five of its patents. Timeline filed its complaint against ProClarity in June 2005. Timeline now

---

[1] The court makes its determination on the briefings and declines the parties' request for oral argument. The court notes that both parties have requested oral argument with nearly every filing. As a general matter, the court decides motions on the briefings and reserves oral argument for dispositive motions and motions for injunctive relief.

ORDER – 1

seeks the court's leave to file an amended complaint in order to join former and current members of ProClarity's board of directors as defendants. ProClarity contends that Timeline has unduly delayed filing this motion and that joinder of the ProClarity directors would be prejudicial at this stage of the proceedings. The discovery cut-off in this case is April 28, 2006; the deadline for dispositive motions is May 19, 2006. Neither party has conducted any depositions. Trial is scheduled for September 2006.

Under Fed. R. Civ. P. 15(a) ("Rule 15"), leave to amend a complaint "shall be freely given when justice so requires." Rule 15 allows for liberal amendment of pleadings, and a court should grant a motion to amend absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 185 (1962)).[2]

The court finds that Timeline has not unduly delayed in seeking leave to amend its complaint. In December 2005, Timeline received documents that it had subpoenaed from one of ProClarity's financing companies, which Timeline alleges contain evidence that ProClarity directors had knowledge of infringing activities. Defendants contend that the names of ProClarity directors, past and present, would have been publicly available at the

---

[2] When a party seeks leave to amend in order to add a new party, the court considers both the general principles of Rule 15 and the joinder provisions of Fed. R. Civ. P. 20 ("Rule 20"). The requisite for the joinder of parties includes: (1) that the right to relief asserted against each defendant relates to or arises out the same transaction or occurrence; and (2) that some question of law or fact common to all the parties will arise in the action. Fed. R. Civ. P. 20(a); see League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). In this instance, ProClarity does not appear to dispute that joinder is technically permissible under Rule 20.

ORDER – 2

time of filing the original complaint; however, Defendants' argument is beside the point. In order to bring a claim against company directors, a plaintiff must allege that such directors knowingly or willingly participated in, induced, or approved acts of infringement. Bewal, Inc. v. Minnesota Min. & Mfg. Co., 292 F.2d 159, 167 (10th Cir. 1961). Timeline's motion to file an amended complaint, dated December 27, 2005, is not untimely in relation to its receipt of the subpoenaed documents earlier the same month.

Additionally, the court is not persuaded that ProClarity will suffer "undue prejudice" by granting Timeline leave to file an amended complaint to join additional defendants. ProClarity contends, apparently on behalf of the as-yet unnamed ProClarity directors, that the directors will suffer prejudice as a result of being excluded from the initial preparation for an upcoming Markman hearing, the date of which was recently vacated by the court. (Dkt. # 82). ProClarity also indicates that it will suffer because it may be forced to move for a continuance of court-ordered deadlines and that amendment will force it to "operate its business under the cloud created by this lawsuit." The court concludes that ProClarity's concern that it may face prolonged discovery or a delay in other trial-related dates does not rise to a level of undue prejudice. See, e.g., Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529, 531 (N.D. Cal. 1989) (finding no undue prejudice where the amended claims would require defendant to depose numerous witnesses across the country who had been previously questioned and would necessitate additional document searches and written discovery).

Finally, ProClarity argues that amendment would be futile based on alleged deficiencies in the underlying amended complaint. First, any supposed deficiency in a complaint, such as lack of personal jurisdiction, may be properly challenged on a defendant's motion to dismiss or may be waived altogether. See, e.g., Fed. R. Civ. P. 12(b)(2) (motion to dismiss for lack of personal jurisdiction); Fed. R. Civ. P. 12(h)(1)

ORDER – 3

(waiver of personal jurisdiction).  Moreover, where discovery is still open, a proposed amendment is futile as to the underlying merits only if no set of facts can be proven under the amendment that would constitute a valid claim.  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  As stated previously, a company director may be liable for infringement under certain circumstances, Bewal, 292 F.2d at 167, and thus, Timeline's amendment in support of such a claim is not futile.

### III.  CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's motion for leave to file an amended complaint.  (Dkt. # 57).

Dated this 13th day of January, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 4