UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMELINE, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROCLARITY CORPORATION, an Idaho corporation; ROBERT LOKKEN, an individual; PHILIP BRADLEY, an individual; DAVE HALLMEN, an individual; TERRY CUNNINGHAM, an individual; GREG GOLDFARB, an individual; MARK TAPLING, an individual; MARC FRIEND, an individual; CLAY YOUNG, an individual; RUSS WHITNEY, an individual; TOM CURTO, an individual; and CLAUDIA IMHOFF, an individual,<br><br>Defendants. | NO. CV05-1013JLR<br><br>FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT<br><br>JURY DEMAND |

Plaintiff Timeline, Inc., ("Plaintiff") hereby alleges as follows:

### I. JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, specifically 35 U.S.C. §§ 271 and 281.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT - 1

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## II. JURY DEMAND

4. Plaintiff demands a trial by jury for all issues triable to a jury.

## III. THE PARTIES

5. Plaintiff is a Washington corporation with its principal place of business in Bellevue, Washington.

6. Plaintiff alleges that defendant ProClarity Corporation ("ProClarity Corp.") is an Idaho corporation with its principal place of business in Boise, Idaho. ProClarity Corp. was previously known as Knosys, Inc. ProClarity Corp. does business in this judicial district and has committed the acts complained of in this judicial district.

7. Defendants Robert Lokken, Philip Bradley, David Hallmen, Terry Cunningham, Greg Goldfarb, Mark Tapling, Marc Friend, Clay Young, Russ Whitney, Tom Curto and Claudia Imhoff (collectively "Director Defendants") are all current or former directors of Defendant ProClarity Corp.

8. Plaintiff is the owner by assignment of United States Patent No. 5,802,511 ("'511 patent"), which the United States Patent Office issued on September 1, 1998. This patent describes and claims the invention of Donald Babcock, *et al.* entitled "Data Retrieval Method Apparatus with Multiple Source Capability." Plaintiff has developed, manufactured and sold products which are covered by one or more of the claims of the '511 patent. A true and correct copy of the '511 Patent is attached hereto as Exhibit A.

9. On February 8, 2000, United States Patent No. 6,023,694 ("'694 patent") for "Data Retrieval Method and Apparatus with Multiple Source Capability" issued. Plaintiff is the owner by assignment of the '694 patent. Plaintiff has developed, manufactured and sold products

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT - 2

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

which are covered by one or more claims of the '694 Patent. A true and correct copy of the '694 patent is attached hereto as Exhibit B.

10. On February 15, 2000, United States Patent No. 6,026,392 ("'392 patent") for "Data Retrieval Method and Apparatus with Multiple Source Capability" issued. Plaintiff is the owner by assignment of the '392 patent. Plaintiff has developed, manufactured and sold products which are covered by one or more claims of the '392 patent. A true and correct copy of the '392 patent is attached hereto as Exhibit C.

11. On October 7, 2003, United States Patent No. 6,631,382 (the "'382 patent") for Data Retrieval Method and Apparatus with Multiple Source Capability issued. Plaintiff is the owner by assignment of the '382 patent. Plaintiff has developed, manufactured and sold products which are covered by one or more claims of the '382 patent. A true and correct copy of the '382 patent is attached as Ex. D.

12. On September 23, 2003, United States Patent No. 6,625,617 (the "'617 patent") for Modularized Data Retrieval Method and Apparatus with Multiple Source Capability issued. Plaintiff is the owner by assignment of the '617 patent. Plaintiff has developed, manufactured and sold products which are covered by one or more claims of the '617 patent. A true and correct copy of the '617 patent is attached as Ex. E.

## IV.   PATENT INFRINGEMENT

13. Plaintiff repeats the allegations of paragraphs 1 through 12.

14. Defendant ProClarity Corp. has been infringing and continues to infringe the '511 patent, the '694 patent, the '382 patent, the '617 patent and/or the '392 patent by making, using, selling and/or offering for sale without authorization products, including Defendant ProClarity Corp.'s "ProClarity" and other products, which embody one or more claims of the '511 patent, the '694 patent, the '382 patent, the '617 patent and/or the '392 patent. Plaintiff also alleges that

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT - 3

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

Defendant ProClarity Corp. has induced others to infringe Plaintiff's patents and that Defendant ProClarity Corp. knew or should have known its actions would induce infringement of Plaintiff's patents. Defendant ProClarity Corp. has induced others to infringe upon Plaintiff's patents by teaching and directing users to use Microsoft DTS and Analysis Services to design and use OLAP cubes in conjunction with Defendant ProClarity Corp.'s "ProClarity" program in a manner that directly infringes Plaintiff's patents. Defendant ProClarity Corp. knew or should have known that the promotional and instructional materials it offered would have the effect of inducing others to infringe upon Plaintiff's patents. Defendant ProClarity Corp. and its officers, board members, and agents actively and with actual or constructive knowledge aided and abetted others in the infringement of Plaintiff's patents. Plaintiff alleges, on information and belief, that Defendant ProClarity Corp. will continue to make and sell such infringing devices unless restrained by this Court.

15. Defendant ProClarity Corp.'s conduct has been willful. Defendant has been aware of the acts constituting inducement to infringe and infringement since as early as 1999 and continuing to the present. Specifically, Plaintiff contacted Defendant ProClarity Corp. on several occasions and informed Defendant ProClarity Corp. of its infringement. As early as 1999, Defendant ProClarity Corp. was aware of Timeline's patents and of Timeline's assertion that certain products developed by Defendant ProClarity Corp. in conjunction with Microsoft infringed Timeline's patents. In 2000, Charles Osenbaugh, President of Timeline, had several communications with Bob Lokken, Defendant ProClarity Corp.'s President, pointing out the existence of Timeline's patents and defendant's encroachment on them. Plaintiff subsequently wrote to Dennis Weyrauch, Defendant ProClarity Corp.'s General Counsel, and informed him of applications that potentially violated the patents held by Plaintiff.

16. Defendant ProClarity Corp.'s products work in conjunction with Microsoft's DTS and Analysis Services. In 1999, Microsoft felt a need to take a license under Timeline's patents.

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT - 4

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

In 2002, the Washington Court of Appeals determined that Microsoft's license did not cover products, such as Defendant ProClarity Corp.'s, that infringed in combination with Microsoft's DTS and Analysis Services. *See Microsoft Corp. v. Timeline, Inc.*, 110 Wn.App. 1046 (1002). Nevertheless, Defendant ProClarity Corp. has ignored any attempts to negotiate any resolution of the patent infringement. Instead, Defendant ProClarity Corp. and its officers and directors have made additional investments in Defendant ProClarity Corp. to permit it to expand its infringing activity. Defendant ProClarity Corp. and its officers and directors have continued to release promotional material, instructional material and offer courses that induce users to infringe, and they have released a directly infringing version of "ProClarity." These actions constitute willful infringement and make this an exceptional case under 35 U.S.C. §284.

17.     Even if Defendant ProClarity Corp.'s products do not literally infringe the '511 patent, the '694 patent, the '392 patent, the '617 patent and/or the '392 patent, they are substantially similar to the inventions claimed in the '511 patent, the '694 patent, the '382 patent, the '617 patent, and/or '392 patent, such that, under the doctrine of equivalents, they constitute acts of infringement.

18.     Defendants have derived and will continue to derive and receive from the above-alleged acts of infringement, profits and revenues in an amount that is not presently known to Plaintiff. Further, with respect to the '511 patent, the '694 patent, the '382 patent, the '617 patent and/or '392 patent, such acts of infringement were made with knowledge of one or more of the patents and were thus committed intentionally and willfully. By reason of the above acts of infringement, Plaintiff has been and will continue to be damaged in an amount to be determined at trial.

### V.     DIRECTOR AND OFFICER LIABILITY

19.     Plaintiff repeats the allegations of paragraphs 1 through 18.

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT - 5

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

20. Director Defendants were either informed directly by Timeline of Defendant ProClarity Corp.'s potential infringement of Timeline's patents or were informed or should have known of Defendant ProClarity Corp.'s infringement of Timeline's patents through those directors and agents and/or employees of Defendant ProClarity Corp. who were directly informed.

21. Over the span of six years, Charles Osenbaugh sent several communications to various directors and agents and/or employers of ProClarity Corp. informing Defendant ProClarity Corp. of Timeline's patents. In at least one communication, Mr. Osenbaugh set forth descriptions of various claims contained in Timeline's patents and identified possibly infringing elements of Defendant ProClarity Corp.'s products. He encouraged Defendant ProClarity Corp. and its various directors, agents and/or employees to examine Timeline's patents, offered to make available the "file wrapper" for Timeline's patents, and informed Defendant ProClarity Corp, its directors, agents and/or employees of the Washington State Court of Appeals' decision that held that Microsoft's license did not extend to customers of Microsoft who added code or software that was a material step of the Timeline patents.

22. Despite, the notice and information provided by Plaintiff, Plaintiff is informed and believes that Director Defendants chose to ignore Mr. Osenbaugh's notices that defendants infringed Timeline's patents. Moreover, Plaintiff is informed and believes Director Defendants actively aided and abetted their corporation's infringement. The Director Defendants authorized and financed the manufacture, sale and marketing of Defendant ProClarity Corp.'s products in a manner that infringed Timeline's patents though they had been made aware of Timeline's patents. The Director Defendants also authorized and financed the promotion and provision of instruction in the use of ProClarity's products in way that infringed the Timeline patents.

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT - 6

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

23.     Director Defendants aided, participated in, approved, ratified and induced infringement by the corporation despite the directors and officers' knowledge of Timeline's patents.

24.     Director Defendants' actions occurred with knowledge of one or more of Timeline's patents and were thus committed intentionally and willfully. By reasons of the above acts of infringement, Plaintiff has been and will continue to be damaged in an amount to be determined at trial.

## VI.     DEMAND FOR RELIEF

**WHEREFORE** Plaintiff prays for relief as follows:

A.     That Defendants be adjudged to have infringed the '511 patent, the '694 patent, the '382 patent, the '617 patent and/or the '392 patent;

B.     That Defendant ProClarity Corp. and its officers, agents, servants, employees, attorneys and all other persons acting in concert, participation or privity with them who receive actual notice of the order by a personal service or otherwise and Defendant ProClarity Corp.'s successors and assigns be permanently restrained and enjoined from directly or indirectly infringing the '511 patent, the '694 patent, the '382 patent, the '617 patent and/or the '392 patent;

C.     For an accounting and award of damages by reason of Defendants' infringement of the '511 patent, the '694 patent, the '382 patent, the '617 patent and/or '392 patent;

D.     For an award of prejudgment and postjudgment interest, exemplary damages and costs against Defendants in accordance with 35 U.S.C. § 284;

E.     For an award of damages, punitive damages, attorney's fees and prejudgment interest; and

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT - 7

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1   F.   That Plaintiff be awarded such other further relief as this Court may deem just,
2   equitable and proper.

3   DATED this 19th day of January 2005.

ROHDE & VAN KAMPEN PLLC

By: /s/ Christopher C. Lee
   Robert E. Rohde, WSBA #12809
   Christopher C. Lee, WSBA #26516
   1001 Fourth Avenue, Suite 4050
   Seattle, WA 98154-1000
   Tele: 206-386-7353
   Fax:  206-405-2825

Attorneys for Plaintiff Timeline, Inc.

FIRST AMENDED COMPLAINT
FOR PATENT INFRINGEMENT - 8

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353