UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMELINE, INC.,

        Plaintiff,

     v.

PROCLARITY CORPORATION,

        Defendant.

CASE NO. C05-1013JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion to compel by Plaintiff Timeline, Inc. ("Timeline") (Dkt. # 64). Having considered the papers filed in support and in opposition,[1] the court GRANTS Timeline's motion.

## II. BACKGROUND

Timeline brought this action against Defendant ProClarity Corporation ("ProClarity") alleging that ProClarity's computer software products infringe five of its patents. Timeline alleges that ProClarity sells products used in infringing combinations with products of Microsoft Corporation ("Microsoft"). Timeline and Microsoft executed

---

[1] The court finds the matter appropriate for a decision based on the briefings and denies the parties' request for oral argument.

ORDER – 1

a Patent License Agreement in 1999 that gives Microsoft a license to use the products which are the subject of Timeline's patents.  During the course of discovery in this matter, Timeline propounded requests for production in order to obtain agreements and communications between Microsoft and ProClarity.  ProClarity produced a privilege log objecting to disclosure of several email communications and two agreements exchanged between ProClarity and Microsoft on grounds that the common interest doctrine applied.  Timeline now moves to compel ProClarity to produce such documents as well as to sanction ProClarity.

### III.  ANALYSIS

The common interest doctrine extends the application of the attorney-client privilege to protect disclosures made in the presence of two or more clients who share a common interest in the subject matter of the communication.  In re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 922 (8th Cir. 1997).  The doctrine, then, provides an exception to the rule that communications must be made in confidence in order for the attorney-client privilege to apply.  Id.  Although more routinely applied where two or more clients share the same attorney (e.g., co-defendants in a criminal case), courts also recognize an "extreme form" of the doctrine where, for example, separate corporations have "parallel legal interests but are not actively pursuing a common legal strategy." Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.,160 F.R.D. 437, 447 (S.D.N.Y. 1995) (quoting Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1172 (D.S.C. 1975)); see also In re Mortgage & Realty Trust, 212 B.R. 649 (Bankr. C.D. Cal. 1997). For example, companies jointly developing patents have a common legal interest in developing those patents to obtain the greatest protection possible.  Baxter Travenol Labs., Inc. v. Abbott Labs., No. 84 C 5103, 1987 WL 12919 (N.D. Ill. June 19, 1987).

ORDER – 2

By contrast, the doctrine does not apply to protect discussions regarding a joint business or commercial strategy that "happens to include as one of its elements a concern about litigation." Bank Brussels, 160 F.R.D. at 447.

The party claiming the privilege must assert it with some level of particularity on a "document-by-document basis" and bear the burden of persuasion on the factual issues that support such application. Research Institute for Medicine and Chemistry, Inc. v. Wisconsin Alumni Research Foundation, 114 F.R.D. 672, 677 (W.D. Wis. 1987) ("By and large, [defendant] has simply rested upon the conclusory assertion of a 'community of interest.' That is inadequate."). Said another way, a court's determination as to whether the doctrine applies does not end with a theoretical or abstract determination as to the entities' common legal interest. The doctrine also contains a practical component, namely, whether the party claiming privilege (here, ProClarity) has demonstrated cooperation in formulating a common legal strategy with the other entity (here, Microsoft). Bank Brussels, 160 F.R.D. at 447 ("The common interest doctrine . . . has both a theoretical and a practical component").

Here, ProClarity has failed to meet its burden in showing that the common interest doctrine applies. ProClarity summarily contends that communications or agreements shared between ProClarity and Microsoft do not waive attorney-client protection because the two companies share a common legal interest in this court's construction of Timeline's patent claims. ProClarity contends that the separate entities have a legal interest in a "claim construction that prohibits Timeline from embroiling their common customers in litigation." Def.'s Opp'n. at 11. Beyond such broad statements, ProClarity focuses largely on discussing authority favorable to its legal position, while ignoring how

ORDER – 3

the common interest doctrine applies to the *particular documents*[2] at issue in the instant motion. See Research Institute, 114 F.R.D. at 677. For example, ProClarity merely states that the two agreements in question outline the entities' "interest in further cooperation," with no discussion of the factual circumstances giving rise to such agreements. As a result, ProClarity has failed to meet its burden to show that this extreme form of the common interest doctrine should apply to either the email communications or the agreements.

Lastly, Timeline requests that the court exercise its discretion under Fed. R. Civ. P. 37 to award it attorneys' fees in the amount of $8,662 for bringing the instant motion to compel. Under Fed. R. Civ. P. 37(a)(4)(A), the court can award fees against a party who refuses to provide discovery without "substantial justifi[cation]." There may have indeed been justification in asserting the common interest doctrine if ProClarity had anchored its assertion of privilege to the facts and circumstances surrounding the

---

[2] In the introduction to its motion to compel, Timeline specifically moves to compel "communications exchanged between ProClarity and Microsoft as well as two agreements between Microsoft and ProClarity." Pl's Mot. at 2. Throughout its motion, Timeline referenced the email communications and two agreements exchanged between the two entities as well as its attemps to gain greater understanding of the basis for ProClarity's assertion that the doctrine applies. In its motion, Timeline also references the particular requests for production at issue, by number. Id. Rather than attempting to demonstrate how the privilege applies to the particular documents in question, ProClarity submitted a response which focuses largely on the common interest privilege in the abstract. ProClarity subsequently filed a surreply attempting to recast Timeline's original motion as a request for a "blanket ruling." In its surreply ProClarity claims unfair surprise because Timeline's reply cites, allegedly for the first time, to the "*specific* emails and agreements on ProClarity's privilege log." Def.'s Surreply at 1 (emphasis original). The court disagrees that Timeline's motion to compel sought something akin to a blanket ruling on a "broad legal issue." Id. Assuredly, Timeline could not articulate, with any greater particularity, the application of the privilege to documents which it had never seen. ProClarity's attempt to claim prejudice, particularly when it had the burden to resist disclosure as to each document, is wholly unavailing. The court denies ProClarity's request to strike any portion of Timeline's reply.

ORDER – 4

documents in question.  It is ProClarity, not Timeline, who has attempted to shift the court's focus to the question of whether Microsoft and ProClarity share a theoretical common interest, while resisting any meaningful discussion of the doctrine's application to the particular documents in question.  The court is left to conclude that ProClarity did not have a substantial justification to object in the first instance.  The court has previously cautioned the parties regarding pleading and discovery disputes in this matter.  As sanctions against ProClarity, the court now awards attorneys' fees to Timeline in the amount of $6,500.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Timeline's motion to compel email communications and agreements exchanged between ProClarity and Microsoft. (Dkt. # 64).  ProClarity shall pay $6,500 in attorneys' fees to Timeline.

Dated this 23rd day of February, 2006.

JAMES L. ROBART
United States District Judge