UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMELINE, INC.,

        Plaintiff,

    v.

PROCLARITY CORPORATION,

        Defendant.

No. C05-1013JLR

ORDER ON TIMELINE'S MOTION FOR AMENDMENT OF MARKMAN ORDER

This matter comes before the court on a motion by Plaintiff Timeline, Inc. for amendment of the Markman order issued by the court on June 29, 2006. (Dkt. # 174). The court previously advised the parties that it construes Timeline's motion as a motion for reconsideration under Local CR 7(h). (Dkt. #176). The court DENIES Timeline's motion for the reasons stated below.

In this motion, Timeline requests that the court amend its construction of the claim term "without the need for human analysis." The court construed this term to mean "not requiring human evaluation or choice." Timeline argues that the words "or choice" should be eliminated from this construction.

Under Local CR 7(h), motions for reconsideration are disfavored and will ordinarily be denied in the absence of a showing of manifest error in the prior ruling or a showing of new

ORDER - 1

1  facts or legal authority which could not have been brought to the court's attention earlier with
2  reasonable diligence.  Here, Timeline offers no reason why it could not have previously
3  presented its arguments about excluding the word "choice" from a construction of the term
4  "without the need for human analysis."  Timeline had ample opportunity to raise this issue
5  during the claim construction process, given that Defendant's proposed construction of the
6  term ("not requiring any evaluation or choice by a human") was very similar to the
7  construction adopted by the court ("not requiring human evaluation or choice").

8  Timeline also does not demonstrate manifest error in the court's order.  Presumably, if
9  including the word "choice" in the construction of the term "without the need for human
10 analysis" was plainly erroneous, Timeline would have raised this issue during the claim
11 construction process, since Defendant's proposed construction of the term included the word
12 "choice."  Instead, Timeline indicated in its claim construction brief that "[i]t is not clear
13 whether Plaintiff and Defendant differ as to the meaning of 'without the need for human
14 analysis.'  If Defendant's definition means that human analysis is not required but is
15 permitted, then they are similar."  (Dkt. # 115 at 18-19).  As this statement reflects, the
16 parties' dispute over the term centered on whether "without the need for human analysis"
17 means that human analysis is not required, but may be permitted – a dispute that the court
18 resolved in Timeline's favor.  Timeline did not argue in its claim construction briefing or at
19 the Markman hearing that including the word "choice" in a construction of the term would be
20 erroneous.

21 It should also be noted that in its claim construction brief, Timeline stated that "[t]he
22 Timeline Patents disclose an embodiment where human <u>analysis</u> is permitted, but not
23 required."  (Dkt. # 115 at 19) (emphasis added).  To support this assertion, Timeline quoted
24 the following language from the '694 patent:

25

ORDER - 2

> In this embodiment, it may be useful to employ the wizard to display prompts or "dialog boxes" for the purpose of soliciting user input as needed (e.g. for step 1020), so that the user interface will have an appearance which is consistent with the user interface for the database 808. Thus, it can be seen that even though a process as described herein is partially or fully automatic, and/or even though a process can be performed without the need for user input, nevertheless, it may be desired to provide for user input for various purposes, e.g. to provide options for reducing processing time, for eliminating or selecting default or optional features, and the like.

'694 patent, Col. 13:31-42. This argument suggests that "human analysis" occurs when a user provides "input" – i.e., makes choices.[1]

Therefore, because Timeline has not made a showing of manifest error, nor has it presented new facts or evidence that could have been brought to the court's attention earlier, the court DENIES Timeline's motion to amend.

Dated: August 7, 2006

JAMES L. ROBART
United States District Judge

---

[1] In its motion to amend, Timeline maintains that "[a]nalysis differs considerably from choice. A user may make a choice without performing an analysis." (Dkt. # 174 at 4). However, Timeline supports this contention by quoting the same language from the '694 patent set forth above that Timeline had previously cited in its claim construction brief to support its contention that the "Timeline Patents disclose an embodiment in which human analysis is permitted, but not required."

ORDER - 3