THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7                 UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
8                        AT SEATTLE

9

10 TIMELINE, INC., a Washington corporation,      NO. CV05-1013JLR

                    Plaintiff,

11                            SECOND AMENDED
                 v.                   COMPLAINT FOR PATENT

12                            INFRINGEMENT AND BREACH OF
PROCLARITY CORPORATION, an Idaho      CONTRACT

13 corporation; and MICROSOFT CORPORATION,
a Washington Corporation.                JURY DEMAND

14

                Defendants.

15

16

       Plaintiff Timeline, Inc., ("Plaintiff") hereby alleges as follows:

17

18                  **I.**     **JURISDICTION AND VENUE**

19     1.      This is an action for patent infringement arising under the patent laws of the

20 United States, specifically 35 U.S.C. §§ 271 and 281.  The claims for breach of contract are

21 properly before the Court pursuant to 28 U.S.C. § 1367.

22     2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 1338(a).

23     3.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

24                   **II.**     **JURY DEMAND**

25     4.      Plaintiff demands a trial by jury for all issues triable to a jury.

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND
BREACH OF CONTRACT - 1

1

### III.   THE PARTIES

2   5.   Plaintiff is a Washington corporation with its principal place of business in
3   Seattle, Washington.

4   6.   Plaintiff alleges that defendant ProClarity Corporation ("ProClarity Corp.") is an
5   Idaho corporation with its principal place of business in Boise, Idaho.  ProClarity Corp. was
6   previously known as Knosys, Inc.  ProClarity Corp. does business in this judicial district and has
7   committed the acts complained of in this judicial district.

8   7.   Defendant Microsoft Corporation ("Microsoft") is a Washington corporation with
9   its principal place of business in this district.

10   8.   Plaintiff is the owner by assignment of United States Patent No. 5,802,511
11   ("'511 patent"), which the United States Patent Office issued on September 1, 1998.  This patent
12   describes and claims the invention of Donald Babcock, *et al.* entitled "Data Retrieval Method
13   and Apparatus with Multiple Source Capability."  Plaintiff has developed, manufactured and sold
14   products which are covered by one or more of the claims of the '511 patent.

15   9.   On February 8, 2000, United States Patent No. 6,023,694 ("'694 patent") for
16   "Data Retrieval Method and Apparatus with Multiple Source Capability" issued.  Plaintiff is the
17   owner by assignment of the '694 patent.   Plaintiff has developed, manufactured and sold
18   products which are covered by one or more claims of the '694 Patent.

19   10.   On February 15, 2000, United States Patent No. 6,026,392 ("'392 patent") for
20   "Data Retrieval Method and Apparatus with Multiple Source Capability" issued.  Plaintiff is the
21   owner by assignment of the '392 patent.   Plaintiff has developed, manufactured and sold
22   products which are covered by one or more claims of the '392 patent.

23   11.   On October 7, 2003, United States Patent No. 6,631,382 (the "'382 patent") for
24   "Data Retrieval Method and Apparatus with Multiple Source Capability" issued.  Plaintiff is the

25

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND
BREACH OF CONTRACT - 2

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  owner by assignment of the '382 patent.  Plaintiff has developed, manufactured and sold
2  products which are covered by one or more claims of the '382 patent.

3      12.      On September 23, 2003, United States Patent No. 6,625,617 (the "'617 patent")
4  for "Modularized Data Retrieval Method and Apparatus with Multiple Source Capability" issued.
5  Plaintiff is the owner by assignment of the '617 patent.  Plaintiff has developed, manufactured
6  and sold products which are covered by one or more claims of the '617 patent.  The above
7  patents are collectively referred to as "Timeline's Patents."

8              **IV.    THE INVENTIONS AND THE 1995 AGREEMENT**

9      13.     In the fall of 1994, Timeline invented database software that, among other things,
10  could automatically extract information about the data structure of an existing database and use
11  that information to design and create a new database.  Timeline built a prototype of its invention
12  and showed it to Microsoft.  Microsoft liked the invention and under agreement (the "1995
13  Agreement") licensed the source code for a version of the product, which it incorporated in a
14  product called the Small Business Financial Manager ("SBFM").  The product was a huge
15  success for Microsoft. It sold millions of copies of the Small Business Financial Manager.

16      14.     Timeline applied for and was issued Timeline's Patents  disclosing and claiming
17  its inventions.  The SBFM is a commercial embodiment of some of the inventions disclosed and
18  claimed in Timeline's Patents.

19              **V.    THE  1999 AGREEMENT AND LICENSE**

20      15.     In late 1998 or early 1999, Microsoft released preliminary or "beta" versions of a
21  database product, SQL Server 7.0.  Timeline obtained information concerning the functionality
22  contained in SQL Server 7.0 and determined that some of the functions performed by the
23  product, including its creation of online analytical processing databases ("OLAP Cubes"),
24  infringed one or more of Timeline's Patents. Timeline informed Microsoft that its new version
25  of SQL Server infringed one or more of Timeline's Patents and was not covered by the 1995

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND
BREACH OF CONTRACT - 3

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  Agreement.   After negotiations, Microsoft and Timeline executed an agreement (the "1999

2  Agreement") granting Microsoft a limited patent license in exchange for Microsoft's agreement

3  that Timeline owned Timeline's Patents, that the 1995 Agreement would be amended and was

4  still in effect, and that for 60 months Microsoft would give Timeline "Partner" status, its highest

5  status at that time, in Microsoft's Solution Providers Program.  The 1999 Agreement specifically

6  provided that "Timeline shall be entitled . . . to all the rights and privileges . . . most particularly

7  development software and support and marketing support as is then normal and customary" for

8  Microsoft Partners in its Solution Providers Program.  The 1999 Agreement expressly excluded

9  infringing combinations of Microsoft products with non-Microsoft products from the scope of

10  the license where the non-Microsoft product supplied a material element.   Thus, the 1999

11  Agreement licensed Microsoft and its subsidiaries and affiliates, but not third parties whose

12  products would directly or contributorily infringe Timeline's Patents when working in

13  combination with Microsoft's products.   This sublicensing restriction preserved Timeline's

14  ability to practice and license the inventions claimed in the patents. It also preserved Timeline's

15  ability to enforce Timeline's Patents against third-party infringers in the OLAP market.  In return

16  for the restricted scope of the license in the 1999 Agreement, Microsoft paid, as partial

17  consideration, a reduced license fee of $5 million.

18  ## VI.    MICROSOFT'S MATERIAL BREACHES

19       16.    Microsoft repeatedly and materially breached essential provisions of the 1999

20  Agreement by encouraging and inducing third parties to create and sell, without a license, non-

21  Microsoft products that infringe Timeline's Patents when used or combined with Microsoft

22  products. For example, Microsoft issued a press release containing the false statement that under

23  the license in the 1999 Agreement, all Microsoft Solution Providers and independent software

24  vendors were "unencumbered by Timeline's patents."   Microsoft filed suit against Timeline

25  claiming that the 1999 Agreement licensed combinations of Microsoft and non-Microsoft

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND
BREACH OF CONTRACT - 4

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1    products.  During the pendency of the lawsuit Microsoft continued to encourage and induce third

2    parties to create infringing software.

3        17.    The Washington Court of Appeals ruled that Microsoft's interpretation of the

4    1999 Agreement was wrong.  "Try as we might, it is impossible to reconcile the wording of the

5    [1999 Agreement] with Microsoft's proposed construction." *Microsoft Corp. v. Timeline, Inc.*,

6    No. 47888-5-I, 2002 WL 339338, *8, 110 Wash. App. 1046 (March 4, 2002).

7        18.    Following this lengthy and expensive litigation against a much larger company,

8    Timeline rightfully believed that Microsoft would conform to the ruling of the Washington Court

9    of Appeals.  To the contrary, despite the court's ruling, Microsoft continued to encourage and

10   induce third parties to infringe Timeline's Patents, in breach of the 1999 Agreement.

11       19.    Microsoft also materially breached the 1999 Agreement by commercially

12   disparaging Timeline to Timeline's existing customers and discouraging Timeline's existing

13   customers and potential customers from doing business with Timeline.  For example, Microsoft

14   persuaded Infinium, an existing Timeline customer, to purchase an infringing combination of a

15   Microsoft product and a ProClarity Corp. product, rather than purchasing Timeline's competing

16   product.    That infringing combination was expressly excluded from the scope of the 1999

17   Agreement.

18       20.    Microsoft also breached an essential provision of the 1999 Agreement by failing

19   to treat Timeline as a Partner and according it none of the usual and customary benefits Microsoft

20   accorded to its Partners in the Solution Providers program.  In sharp contrast, Microsoft provided

21   those very benefits to ProClarity Corp., whose products infringed Timeline's Patents.   On a

22   frequent basis, Microsoft held joint marketing seminars, provided customer referrals, and made

23   joint sales calls with ProClarity Corp.  Microsoft maintained a website on which ProClarity Corp.

24   was promoted to Microsoft customers as a Solution Providers Partner.  Among other things the

25   website stated that because of the strategic partnership of ProClarity Corp. and Microsoft,

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND
BREACH OF CONTRACT - 5

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1   "businesses can combine ProClarity solutions with Microsoft technology and deploy BI [*i.e.*,

2   business intelligence] functionality across the enterprise . . . ."  Microsoft provided no such

3   assistance or support to Timeline and instead breached its contractual obligation to provide

4   Timeline with such benefits under the Solution Providers program.

5         21.    In 2005, Microsoft entered into a formal agreement with ProClarity Corp. for the

6   express purpose of attacking the validity and enforceability of Timeline's Patents.  Microsoft

7   agreed to pay a majority of ProClarity Corp.'s attorney fees and provide litigation support in

8   furtherance of this agreement.  Microsoft, using ProClarity Corp. as its proxy, even alleged in

9   2005 that the infringing combination of ProClarity Corp.'s products and Microsoft Products were

10   licensed under the 1999 Agreement.  Microsoft also used ProClarity Corp. to claim that, contrary

11   to the 1999 Agreement, Microsoft invented the technology covered by Timeline's Patents.

12   Microsoft's actions in this regard constituted material breaches of essential provisions of the

13   1999 Agreement.

14         22.    Finally, Microsoft failed to provide Timeline with the last version of the source

15   code and a list of end users for the SBFM as required by the 1995 Agreement as amended by the

16   1999 Agreement.  All of these actions by Microsoft constitute material breaches of the 1995

17   Agreement and the 1999 Agreement.  These actions by Microsoft also amount to a repudiation of

18   the 1999 Agreement.  Due to Microsoft's repeated material breaches and repudiation of the 1999

19   Agreement, Timeline has rightfully terminated the 1999 Agreement and the patent license it

20   contains.

21                 **VII.**   **PATENT INFRINGEMENT - PROCLARITY**

22         23.    Plaintiff repeats the allegations of paragraphs 1 through 22.

23         24.    Defendant ProClarity Corp. has been infringing and continues to infringe the '511

24   patent, the '694 patent, the '382 patent, the '617 patent and/or the '392 patent by making, using,

25   selling and/or offering for sale without authorization products, including Defendant ProClarity

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND
BREACH OF CONTRACT - 6

1    Corp.'s "ProClarity" and other products, which embody one or more claims of the '511 patent,

2    the '694 patent, the '382 patent, the '617 patent and/or the '392 patent.

3        25.    Defendant ProClarity Corp. has also induced others to infringe upon Timeline's

4    Patents by teaching and directing users to use Microsoft DTS and Analysis Services to design

5    and use OLAP cubes in conjunction with Defendant ProClarity Corp.'s "ProClarity" software in

6    a manner that directly infringes Timeline's Patents. Defendant ProClarity Corp. knew or should

7    have known that the promotional and instructional materials it offered would have the effect of

8    inducing others to infringe Timeline's Patents. Defendant ProClarity Corp. aided and abetted

9    others in the infringement of Timeline's Patents. Plaintiff alleges, on information and belief, that

10   Defendant ProClarity Corp. will continue to make and sell such infringing devices unless

11   restrained by this Court.

12       26.    Defendant ProClarity Corp.'s conduct has been willful. Defendant ProClarity

13   Corp. has been aware of the acts constituting inducement to infringe and infringement since as

14   early as 1999 and continuing to the present.    Specifically, Plaintiff contacted Defendant

15   ProClarity Corp. on several occasions and informed Defendant ProClarity Corp. of its

16   infringement. As early as 1999, Defendant ProClarity Corp. was aware of Timeline's Patents and

17   of Timeline's assertion that certain products developed by Defendant ProClarity Corp. in

18   conjunction with Microsoft infringed Timeline's Patents. In 2000, Charles Osenbaugh, President

19   of Timeline, had several communications with Bob Lokken, Defendant ProClarity Corp.'s

20   President, pointing out the existence of Timeline's Patents and ProClarity Corp.'s encroachment

21   on them.    Plaintiff subsequently wrote to Dennis Weyrauch, Defendant ProClarity Corp.'s

22   General Counsel, and informed him of applications that potentially violated the patents held by

23   Plaintiff.

24       27.    Defendant ProClarity Corp.'s products work in conjunction with Microsoft's DTS

25    and Analysis Services. In 1999, Microsoft felt a need to take a license under Timeline's Patents.

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND
BREACH OF CONTRACT - 7

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1    In 2002, the Washington Court of Appeals determined that Microsoft's license did not cover
2    products, such as those of Defendant ProClarity Corp., that infringed in combination with
3    Microsoft products, where the non-Microsoft product supplied a material element.    *See*
4    *Microsoft Corp. v. Timeline, Inc*, 2002 WL 339338 at *8.   Nevertheless, Defendant ProClarity
5    Corp. has ignored any attempts to negotiate any resolution of the patent infringement.   Instead,
6    Defendant ProClarity Corp. has obtained additional financing to permit it to expand its
7    infringing activity. Defendant ProClarity Corp. has continued to release promotional material,
8    instructional material and offer courses that induce users to infringe, and has released a directly
9    infringing version of "ProClarity."   These actions constitute willful infringement and make this
10   an exceptional case under 35 U.S.C. §284.

11          28.     Even if Defendant ProClarity Corp.'s products do not literally infringe the '511
12   patent, the '694 patent, the '392 patent, the '617 patent and/or the '392 patent, they are
13   substantially similar to the inventions claimed in the '511 patent, the '694 patent, the '382 patent,
14   the '617 patent, and/or '392 patent, such that, under the doctrine of equivalents, they constitute
15   acts of infringement.

16          29.     Defendant ProClarity Corp. has and continues to derive and receive from the
17   above-alleged acts of infringement, profits and revenues in an amount that is not presently known
18   to Plaintiff.  Further, such acts of infringement were made with knowledge of one or more of
19   Timeline's Patents and were thus committed intentionally and willfully.  By reason of the above
20   acts of infringement, Plaintiff has been and will continue to be damaged in an amount to be
21   determined at trial.

22                         **VIII.   PATENT INFRINGEMENT – MICROSOFT**

23          30.     Plaintiff realleges the allegations of paragraphs 1 through 29.

24          31.     Microsoft is infringing and continues to infringe Timeline's Patents by making,
25   using, selling and/or offering for sale without authorization products including Microsoft SQL

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND
BREACH OF CONTRACT - 8

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  Server which embody one or more of the claims of Timeline's Patents.  Microsoft has directly
2  infringed by continuing to make, use, sell, and offer for sale these products after the termination
3  of the license in the 1999 Agreement.   Timeline rightfully terminated the license due to
4  Microsoft's material breach of essential terms of the 1999 Agreement.

5        32.    Microsoft has also induced others to infringe Timeline's Patents.  Microsoft has
6  encouraged others to develop and market products in infringing combinations with Microsoft
7  products.    The 1999 Agreement does not license, and explicitly excludes, infringing
8  combinations of Microsoft products and non-Microsoft products.  Microsoft has induced its
9  customers to purchase and use infringing combinations of Microsoft and non-Microsoft products,
10 which were expressly excluded from the scope of the license in the 1999 Agreement.

11       33.    Microsoft's  conduct  was  intentional.    Microsoft  knew  that  infringing
12 combinations of Microsoft products with non-Microsoft products were not covered by the 1999
13 Agreement.  Although it had no good faith basis for believing that such combined products did
14 not infringe Timeline's patents or that Timeline's patent claims were not valid, Microsoft
15 nevertheless encouraged and induced others to make, use, and sell such combinations.
16 Microsoft's encouragement and inducement of third parties to infringe Timeline's patents
17 constitutes willful infringement and makes this an exceptional case.

18                    IX.    **BREACH OF CONTRACT - 1999 AGREEMENT**

19       34.    Plaintiff realleges paragraphs 1 through 33 above.

20       35.    Microsoft's conduct as set forth above constitutes a material breach of essential
21 provisions of and a repudiation of the 1999 Agreement.  By word and deed, Microsoft has
22 wrongfully led third parties, including its Solution Providers Partners and its customers, to
23 believe that they were licensed to develop and sell non-Microsoft products that infringed
24 Timeline's Patents when used in combination with Microsoft products, in violation of the 1999
25 Agreement.  For example, Microsoft issued a press release in 1999 that falsely characterized the

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND
BREACH OF CONTRACT - 9

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

1  scope of the license under the 1999 Agreement.  Microsoft has referred customers to its Solution
2  Providers Partners to obtain non-Microsoft products that, when used in conjunction with
3  Microsoft products, infringe Timeline's Patents.   Microsoft has stated on its website that due to
4  its strategic partnership with ProClarity Corp., businesses can combine ProClarity solutions with
5  Microsoft technology and deploy the combined products across the business.  These and other
6  acts constitute an attempt to expressly or impliedly sublicense a person or entity to add software
7  code to or use it in combination with a Microsoft product in a way that constitutes infringement
8  of one or more of the Timeline Patents in breach of paragraph 2.2 of the 1999 Agreement.

9      36.    Microsoft has failed to provide the development and marketing benefits due to
10 Timeline required under the 1999 Agreement.

11     37.    Microsoft failed to provide the last version of the SBFM source code and a list of
12 end users when Microsoft ceased using it as required by the 1995 Agreement, which was
13 incorporated by amendment as a part of the 1999 Agreement.

14     38.    Microsoft has materially breached other express and implied covenants in the
15 1999 Agreement, including the implied covenant of good faith and fair dealing, through
16 numerous acts, including its commercial disparagement of Timeline to Timeline's and
17 Microsoft's customers; its issuance of a press release falsely characterizing the scope of the 1999
18 Agreement; its filing of a lawsuit against Timeline; its encouragement and inducement of third
19 parties to develop and sell products in infringing combinations with Microsoft products that were
20 expressly excluded from the 1999 Agreement; its continued encouragement and inducement of
21 third parties to produce infringing unlicensed products after the Court of Appeals determined that
22 such combinations were not licensed under the 1999 Agreement; and its entry into a formal
23 agreement with ProClarity Corp. to challenge the ownership, validity and enforceability of
24 Timeline's Patents.

25

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND
BREACH OF CONTRACT - 10

39.     As a direct and proximate result of Microsoft's breach, Timeline has suffered substantial harm for which it is entitled to recover damages in an amount to be proven at trial.

## X. BREACH OF CONTRACT - 1995 AGREEMENT

40.     Plaintiff realleges paragraphs 1 through 39 above.

41.     Microsoft's failure to provide to Timeline the latest version of the source code for the SBFM and a list of end users of the SBFM when Microsoft ceased to actively market the product constitutes a breach of the 1995 Agreement

42.     As a direct and proximate result of Microsoft's breach, Timeline is entitled to recover from Microsoft damages in an amount to be proven at trial.

## XI. PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for relief as follows:

A.     That Defendants be adjudged to have infringed the '511 patent, the '694 patent, the '382 patent, the '617 patent and/or the '392 patent;

B.     That Defendant Microsoft Corp. and its officers, agents, servants, employees, attorneys and all other persons acting in concert, participation or privity with them who receive actual notice of the order by a personal service or otherwise and Defendant Microsoft's successors and assigns be permanently restrained and enjoined from directly or indirectly infringing the '511 patent, the '694 patent, the '382 patent, the '617 patent and/or the '392 patent;

C.     That Defendant ProClarity Corp. and its officers, agents, servants, employees, attorneys and all other persons acting in concert, participation or privity with them who receive actual notice of the order by a personal service or otherwise and Defendant ProClarity Corp.'s successors and assigns be permanently restrained and enjoined from directly or indirectly infringing the '511 patent, the '694 patent, the '382 patent, the '617 patent and/or the '392 patent;

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND
BREACH OF CONTRACT - 11

ROHDE & VAN KAMPEN PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

D.      For an accounting and award of damages against Defendants by reason of their infringement of the '511 patent, the '694 patent, the '382 patent, the '617 patent and/or the '392 patent;

E.      For an award of damages against Microsoft Corp. for breach and repudiation of the 1995 Agreement and the 1999 Agreement;

F.      For an award of prejudgment and postjudgment interest, exemplary damages and costs against Defendants in accordance with 35 U.S.C. § 284;

G.      For an award of damages, punitive damages, attorney's fees and prejudgment interest against Defendants; and

H.      That Plaintiff be awarded such other further relief as this Court may deem just, equitable and proper.

DATED this 28th day of September 2006.

ROHDE & VAN KAMPEN PLLC

By: _____
Robert E. Rohde, WSBA #12809
Christopher C. Lee, WSBA #26516
1001 Fourth Avenue, Suite 4050
Seattle, WA 98154-1000
Tele: 206-386-7353
Fax: 206-405-2825

SUSMAN GODFREY L.L.P.

By: _____
Parker C. Folse III, WSBA #24895
Floyd G. Short, WSBA #21632
Rachel S. Black, WSBA #32204
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tele: 206-516-3880
Fax: 206-516-3883

Attorneys for Plaintiff Timeline, Inc.

SECOND AMENDED COMPLAINT
FOR PATENT INFRINGEMENT AND
BREACH OF CONTRACT - 12