UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMELINE, INC.,

        Plaintiff,

    v.

PROCLARITY CORP., et al.,

        Defendants.

CASE NO. C05-1013JLR

ORDER

      This matter comes before the court on a motion to strike portions of Defendants' supplemental expert report and to exclude testimony related thereto filed by Plaintiff Timeline, Inc. ("Timeline") (Dkt. # 292). Having considered the papers filed in support and in opposition,[1] the court DENIES Timeline's motion.

      This motion arises from the court's June 12, 2007 Minute Order granting the parties' *joint* motion to conduct additional expert discovery, including the request by Defendant ProClarity Corp. ("ProClarity") to conduct additional expert discovery in light of the Supreme Court's recent decision in KSR Int'l Co. v. Teleflex, Inc., __ U.S. __, 127 S. Ct. 1727 (2007), decided April 30, 2007. While Timeline did not oppose the latter

---

[1] The court finds the matter appropriate for a decision based on the briefings and denies the parties' request for oral argument.

ORDER – 1

request, it did not join in ProClarity's request for additional expert discovery based on KSR. Pursuant to the joint motion, the court granted ProClarity leave to file a supplemental expert report on invalidity issues that addresses obviousness in light of the KSR opinion. See June 12, 2007 Order (Dkt. # 284). In response to ProClarity's supplemental report, the court gave Timeline the opportunity to depose ProClarity's expert on his nonfringement report and opinions regarding obviousness in light of the Supreme Court's KSR opinion. Id. The court also gave Timeline's expert additional time to file a rebuttal report to address ProClarity's expert supplemental report and to otherwise address invalidity issues in light of KSR. Id. Timeline now moves to strike portions of ProClarity's supplemental expert report arguing that the report goes beyond addressing issues related to obviousness in light of KSR and introduces new prior art references not previously disclosed. Mot. at 1. ProClarity responds that KSR changed the landscape of what may be considered prior art in determining obviousness and therefore required that its expert consider additional prior art in his supplemental report. Resp. at 3-4. Timeline's motion to strike is based on a narrow reading of KSR. The court finds ProClarity's interpretation of KSR to accurately reflect the Supreme Court's holding, i.e., that an obviousness inquiry is no longer restricted to consideration of whether there is some teaching-suggestion-motivation ("TSM") to combine the prior art.

Briefly, the Supreme Court in KSR considered the Federal Circuit's rigid application of the TSM test, without considering other factors surrounding obviousness, to be reversible error. 127 S. Ct. at 1741. "The obviousness analysis cannot be confined by a formalistic conception of the words teaching, suggestion, and motivation, or by overemphasis on the importance of unpublished articles and the explicit content of issued patents." Id. The Court went on to explain that neither the "particular motivation nor the

ORDER – 2

avowed purpose of the patentee controls;" rather, "[w]hat matters is the objective reach of the claim." Id. "One of the ways in which a patent's subject matter can be proved obvious is by noting that there existed at the time of invention a known problem for which there was an obvious solution encompassed by the patent's claims." Id. at 1742. The court therefore interprets KSR to hold that a narrow view of the applicable prior art that focuses solely on the TSM analysis is erroneous. The proper analysis should take into account all evidence that tends to show the patent-in-suit was obvious to a person skilled in the art. Thus, the Supreme Court set forth an "expansive and flexible approach" to the obviousness inquiry. Id. at 1740 ("Often, it will be necessary for a court to look to interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue.").

      Based on KSR's expansion, or return, to a flexible approach to the question of obviousness, the court granted ProClarity additional expert discovery to garner evidence to support a broader argument on obviousness. The court finds that ProClarity's supplemental expert declaration, while adding numerous new prior art references, substantially adheres to the parameters set forth in KSR. Moreover, considering that ProClarity's expert intentionally limited his analysis of the prior art based on TSM in his first report, it is not surprising that once that constraint was lifted ProClarity's expert was able to identify additional prior art references. See, e.g., Das Decl., Ex. 2 (Jagadish March 1 Report) at 2 ("[w]here I did not find each and every element of a claim in a single item of prior art, I assumed that a claim is obvious if two or more items of prior art are combined to find each and every limitation of a claim; however, I assumed that prior

ORDER – 3

art can be combined only if there is a suggestion, teaching or motivation to combine the prior art"). Finally, the court finds that any inequities that may have resulted from ProClarity's supplement expert report was cured because Timeline deposed ProClarity's expert after he filed his supplemental report, and because Timeline's expert provided his own rebuttal report to ProClarity's supplemental report.

For the foregoing reasons, the court DENIES Timeline's motion to strike portions of Defendants' supplemental expert report and to exclude testimony related thereto (Dkt. # 292).

Dated this 28th day of August 2007.

JAMES L. ROBART
United States District Judge

ORDER – 4